UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. BUS CHARTER AND LIMO, INC. d/b/a U.S. COACHWAYS, INC., | COMPLAINT AND JURY DEMAND |
| Plaintiff, | Docket No. |
| -against- | |
| US TRAILWAYS, INC. and JOSEPH JACOVINO, | |
| Defendants. | |

---

Plaintiff, U.S. Bus Charter & Limo, Inc. d/b/a U.S. Coachways, Inc. (hereinafter "US Coachways" or "Plaintiff"), brings this action against Defendants US Trailways, Inc. ("US Trailways") and Joseph Jacovino ("Jacovino") (hereinafter collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to put an end to the Defendants' engaging in and conducting business under one or more names identical and/or confusingly similar to one or more of Plaintiff's registered trademarks, otherwise infringing Plaintiff's intellectual property, and Jacovino's brazen violations of his contractual obligations to Plaintiff. Plaintiff has recently learned of the Defendants' infringing conduct, including without limitation that alleged in this Complaint, and has and continues to suffer harm as the result. Plaintiff therefore seeks injunctive and monetary relief for acts of trademark infringement, trademark counterfeiting, unfair competition, and deceptive trade practices under the Lanham Act, Title 15, United States Code § 1051, *et seq.*, federal copyright infringement, and the statutes and common laws of the State of New York.

## THE PARTIES

2. Plaintiff is a corporation duly organized and existing under the laws of the State of New Jersey and having a principal place of business within the County of Richmond, State of New York.

3. Defendant US Trailways is a business corporation incorporated and existing under the laws of the State of New York and having a principal place of business within the County of Richmond, State of New York.

4. Defendant Jacovino is an individual domiciled within the County of the Richmond, State of New York

## JURISDICTION AND VENUE

5. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, et seq., subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because all Defendants are domiciled in the State of New York, all Defendants transact business within the State of New York, and all Defendants have sufficient minimum contacts with the State of New York.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391. Defendants' principal place of business is in County of Richmond, State of New York, and Defendants market and offer their services and/or products in interstate commerce and within the Eastern District of New York and use Plaintiff's trademarks and other intellectual property to do so.  Defendant Jacovino's contractual breaches occurred in the County of Richmond, State of New York and the applicable contract to this matter among the Plaintiff and Defendant Jacovino had been negotiated and executed in the County of Richmond, State of New York.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A.  **The Intellectual Property**

8. Plaintiff is the holder of certain registered trademarks, including without limitation the following: Registered Trademark US COACHWAYS, having a serial number of 85803803, Class 039, registered by US Bus Charter and Limo, Inc. and presently owned by US Bus Charter and Limo Inc.

9. Under its registered trademark – US COACHWAYS – Plaintiff offers its clients access to its vast network of charter bus and minibus ground transportation service providers, ensuring that its clients have the most effective and efficient solutions to safely and reliably travel anywhere within the United States. Because of Plaintiff's longstanding relationships with a broad array of bus service providers, Plaintiff can help customers find the right vehicle for its group, whether for a student trip, senior outing, family event or a corporate shuttle the customer can be assured quality charter bus rental service. Plaintiff also employs state-of-the-art technology that enables Plaintiff's clients to quote, reserve, edit, pay and track their reservations from any mobile device. Plaintiff's online portal allows Plaintiff to build out extensive itineraries, request amenities and ask questions. Dedicated customer support will assist Plaintiff's customers to ensure a hassle-free booking process and help with logistics, changes and questions.

10. Plaintiff has been a forward thinker in the ground transportation business for more than three decades, starting in 1983 with a commuter bus service in and out of New York City. Plaintiff has been an innovator from the start. Plaintiff pioneered the concept of the party bus, where clients could enjoy wrap around couches, limo lighting, world class sound system and a wet bar. Nearly 15 years ago, in response to the explosive growth of the internet Plaintiff was able to expand our business nationwide, US Coachways was formed. Now with 21,000 events and over 25,000 bus rentals each year Plaintiff is an industry leader in quality charter bus rental services.

11. Plaintiff has built an extensive network of vendors nationwide, providing its clients with access to a broad range of charter bus rental options. Whether shuttle services at a business conference, luxury buses for a wedding, birthday party, graduation or other special family event, or multiple buses to take a large group to a game, a concert or any other event, Plaintiff's unparalleled access to ground transportation services puts its customers in the best possible situation for its needs. Plaintiff performs services to assist its clients with day trips or multi-day excursions, local travel or cross-country adventures, company outings or family celebrations; putting its clients' in the perfect vehicle for its needs.

12. Due to the foregoing facts, and track-record of success in its business, its customer base, and name recognition through the continental United States, any new venture, or existing venture, in the same market would have a strong incentive to associate themselves with Plaintiff.

13. Prior to his resignation towards the end of 2019, Joseph Jacovino worked for Plaintiff for fourteen years. Jacovino started out as a sales representative, but, ultimately, became the director of large corporate/government contracts. Jacovino had been a top earner – the highest earning sales representative in his final years, and had been well compensated for his efforts.

14. Jacovino's wife also work for Plaintiff for fourteen years and had been the person in charge of Plaintiff's finances.

15. Thus, Jacovino, and his wife, had access to all Plaintiff's customer and financial data.

16. Despite their longstanding tenure with the Company, Jacovino, and his wife, recently resigned with no notice.

17. Despite a validly executed contractual provision between Jacovino and the Plaintiff requiring him to do so upon termination, and Plaintiff's demand that he do so, Jacovino has not returned the Plaintiff's customer and financial data.

18. Rather, Jacovino, on January 9, 2020 opened a new business entitled US Trailways, DOS ID # 5685804 in the County of Richmond, State of New York, which engages in an identical business to the Plaintiff.

19. Despite a non-solicitation provision in a validly executed contract that would prevent him from so doing, Jacovino, upon information and belief, has been using Plaintiff's customer information and financial information that he refused to return in violation of his contractual obligations to market, and sell, products and/or services under the US Trailways name.

20. Upon information and belief, Jacovino is doing so such that customers believe he is still operating under the banner of US Coachways because of the deceptively similar name. The market confusion caused by the striking similarities between US Coachways and US Trailways is compounded by the facts that both enterprises operate in the same County, in the same industry, and Jacovino had been the chief sales and marketing personnel for Plaintiff and is now marketing and selling products and/or services for US Trailways.

21. Upon information and belief, Jacovino – in his marketing and sales efforts – does nothing to disabuse customers and potential customers of the notion that US Trailways is the same enterprise as Plaintiff, and that Jacovino is still operating as a sales agent for Plaintiff.

22. Thus, instead of legitimately acquiring the goodwill and intellectual property, the Defendants are enacting a scheme to confuse and deceive customers and the general public by using deceptively similar names and slogans in some instances and confusingly similar ones as Plaintiff, thereby unlawfully using the intellectual property and goodwill of Plaintiff, causing

confusion and false association with Plaintiff with customers and the general public, and otherwise damaging Plaintiff.

### B. Defendants' Infringing Acts

23. Notwithstanding Plaintiff's property rights as described above, the Defendants engaged and continue to engage in numerous acts, including but not limited to the following, which infringe on Plaintiff's property rights.

24. Defendants by multiple references are calling their operations US Trailways while operating in the same County, and market, as Plaintiff, and US Trailways and Plaintiff have confusingly similar names that Defendants intend to deceive the customers and the public that Defendants are Plaintiff.

25. Given its longstanding operations, customers and the general public associate the name US Coachways with Plaintiff.

26. Defendants have adopted corporate names for their operations in order to be confusingly similar to Plaintiff.

27. Upon information and belief, Defendants are using so many of the suppliers and vendors of the Plaintiff that both the customers and the vendors are confusing Plaintiff with the Defendants.

28. Upon information and belief, Defendants' deceptive and infringing acts have also led members of the public to incorrectly believe that Plaintiff is associated with Defendants' operations and caused, or will imminently cause, customers who would otherwise patronize Plaintiff's business to instead go to Defendants' operation while thinking they are still shopping at Plaintiff's store.

29. Upon information Defendants have in fact embarked, or imminently will embark, in a venture in interstate commerce in violation of Plaintiff's rights, as set forth herein, and Defendants have already caused mass confusion with customers, vendors, the public, and the trade as to the origin, source, sponsorship, and affiliation of Defendants' services and caused such parties, as intended, to believe in error that Defendants' services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, and that Defendants are in some way affiliated with Plaintiff, which they are not.

30. Based on the foregoing, it is evident that Defendants knowingly and willfully violated Plaintiff's rights by engaging in a deliberate campaign to make their new business as confusingly similar as possible to Plaintiff.

## COUNT ONE
### Violations of Section 32(1) of the Lanham Act – Trademark Infringement

31. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

32. Defendants' use of Plaintiff's actual registered trademarks and names colorably imitating Plaintiff's registered trademarks and other business names and slogans is likely to cause public confusion, mistake, or deception as to the origin or source of Defendants' products, in violation of the Lanham Act, 15 U.S.C. §1114(1).

33. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' products, to injure Plaintiff, and/or to reap the benefit of Plaintiff's goodwill, including without limitation its registered trademarks.

34. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

35. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so, and must be therefore be enjoined pursuant to such provisions of law as include without limitation 15 U.S.C. §1116.

36. Plaintiff has no adequate remedy at law.

37. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT TWO
### Violation of Section 43(a) of the Lanham Act – Unfair Competition

38. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

39. Defendants' manufacture, promotion, advertising, distribution, marketing, sale, and/or offering for sale of goods under the registered trademark names and slogans of Plaintiff and/or colorably imitative names and slogans to those of Plaintiff is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' products, and is intended, and is likely, to cause such parties to believe, in error, that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, which they are not.

40. Defendants' use of registered trademark names and slogans of Plaintiff and/or colorably imitative names and slogans to those of Plaintiff constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

41. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

42. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so, and must be therefore be enjoined pursuant to such provisions of law as include without limitation 15 U.S.C. §1116.

43. Plaintiff has no adequate remedy at law.

44. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT THREE
### Violation of Section 1114 of the Lanham Act – Trademark Counterfeiting

45. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

46. Plaintiff holds the exclusive rights to certain registered trademarks, including without limitation, US Coachways.

47. Defendants have knowledge of Plaintiff's exclusive rights to the foregoing registered trademarks. Without Plaintiff's authorization or consent, Defendants reproduced unauthorized versions of one or more of the foregoing registered trademarks in connection with Defendants' manufacture, promotion, distribution, and/or sale of goods.

48. Defendants manufacture, promotion, distribution and/or sale of goods caused consumers to confuse or mistake Defendants' goods and services for Plaintiff's.

49. As a result of the foregoing, Defendants engaged in trademark counterfeiting in violation of 15 U.S.C. §1114.

50. Defendants' use of one or more of Plaintiff's registered trademarks in connection with services identical to Plaintiff's services is likely to cause and is causing confusion, mistake, and deception among consumers as to the origin of Defendants' and Plaintiff's goods and is likely to deceive the public into believing the services being offered and advertised by Defendants

originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation and goodwill.

51. Defendants' acts have occurred in interstate commerce, including without limitation by Defendants' and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and must be therefore be enjoined pursuant to such provisions of law as include without limitation 15 U.S.C. §1116.

52. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

53. Further, Defendants intentionally used one or more of Plaintiff's registered trademarks, knowing such marks or designations to be counterfeit marks (as defined in 15 U.S.C. §1116(d)), in connection with the sale, offering for sale, or distribution of goods or services, as the result of which Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117.

## COUNT FOUR
### Deceptive Acts and Practices Under New York General Business §§ 349 and 350

54. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

55. New York General Business Law §349 declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

56. New York General Business Law §350 declares unlawful "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

57. Plaintiff enjoys well-established common law rights in and to its trademarks and other intellectual property in the State of New York, which is superior to any rights that Defendants may claim, and has purchased and built significant goodwill in same.

58. Plaintiff's trademarks are inherently distinctive.

59. Plaintiff trademarks had been (and continue to be used) used by Plaintiff in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular services offered by Plaintiff and Plaintiff and to distinguish them from similar goods offered by others. As a result, Plaintiff's trademarks have acquired secondary meaning.

60. Defendants have used, in connection with the sale of their products and/or services, one or more terms or names that are identical or confusingly similar to Plaintiff's trademarks and which are likely to cause and/or have caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that consumers thereof are likely to associate or have associated such products as originating with Plaintiff, all to the detriment of Plaintiff.

61. Through the advertisement, offer to sell and/or sale of Defendants' products and/or services under Plaintiff's trademarks, Defendants have engaged in consumer-oriented conduct that has directly and/or indirectly affected the public interest of New York and has resulted in injury to consumers of New York.

62. Defendants' acts as complained of herein are materially misleading to a substantial portion of the consuming public and have deceived and/or are likely to deceive a material segment of the consuming public to whom Defendants have directed Defendants' products and such acts have cause injury to Plaintiff.

63. Through the acts complained of herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and the furnishing of Defendants' products in violation of Section 349 and 350 of the New York General Business Law.

64. Defendants' acts have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and must be therefore be enjoined pursuant to such provisions of law as include without limitation Article 63 of the New York Civil Practice Law and Rules.

65. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT FIVE
**Trademark Infringement and Unfair Competition Under New York State Common Law**

66. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

67. Plaintiff enjoys well-established common law rights in and to its trademarks in the state of New York, which are superior to any rights that Defendants may claim, and has built and purchased significant goodwill in same.

68. Plaintiff's trademarks are inherently distinctive.

69. Plaintiff first adopted and used its trademarks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods offered by Plaintiff and to distinguish them from similar goods offered by others.

70. As a result of the foregoing, Plaintiff's trademarks have acquired secondary meaning.

71. Defendants used, in connection with the sale of its goods, one or more names that are identical and/or substantially similar to Plaintiff's trademarks and which are likely to cause

and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that consumers thereof are likely to associate or have associated such products as originating with Plaintiff, all to the detriment of Plaintiff.

72. Defendants' acts complained of herein constitute unfair competition under the laws of the State of New York.

73. Defendants have been unjustly enriched and have damaged Plaintiff's business, reputation, and goodwill.

74. Upon information and belief, Defendants' conduct is intentional, with knowledge, and in bad faith, entitling Plaintiff to increased damages and attorneys' fees.

75. Defendants' acts have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and must be therefore be enjoined pursuant to such provisions of law as include without limitation Article 63 of the New York Civil Practice Law and Rules.

76. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT SIX
### Injunctive Relief

77. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

78. Defendants' acts have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiff by virtue of violating Plaintiff's statutory and common law intellectual property rights, for which Plaintiff has no adequate remedy at law, and must be therefore be enjoined pursuant to such provisions of law as include without limitation

Article 63 of the New York Civil Practice Law and Rules and Chapter 22 of Article 15 of the United States Code.

### COUNT SEVEN
### Breach of Contract

79. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

80. Defendant Jacovino and the Plaintiff entered into contractual agreements whereby Jacovino had been restrained from soliciting any customers for a period of twenty-four (24) months after his departure from Plaintiff, as well as requiring Jacovino to require all corporate information, including client information and financial data acquired in the course of his employment at Plaintiff.

81. As articulated in the contract that maintains the non-solicitation and requirement to return all corporate information, violation of the terms of such provisions constitutes irreparable harm to the Plaintiff.

82. Defendants Jacovino has failed to comply with such contractual obligations, among others, and instead is actively, and maliciously, violating such provisions.

83. Thus, Plaintiff has been harmed and damaged in an amount to be proven at trial because of the foregoing misconduct, and breaches of contract.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

a. Find that Defendants willfully violated the Lanham Act, 15 U.S.C. §1051 et seq.;

b. Find that Defendants committed willful acts of unfair competition, and deceptive acts and practices in violation of the New York General Business Law;

c. Find Defendants liable for acts of trademark infringement and unfair competition in violation of New York State common law;

d. Preliminarily and permanently enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendants, from use of Plaintiff's trademarks, any other colorable imitation of Plaintiff's trademarks or any confusingly similar mark, in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

e. Pursuant to 15 U.S.C. § 1118, order Defendants to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendants that bear any of Plaintiff's trademarks or any other mark that is likely to be confused with Plaintiff's trademarks;

f. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

g. Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

h. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

i. Pursuant to 15 U.S.C. §1116, order Defendants to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

j. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

k. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: January 24, 2020

                        Respectfully submitted,

                        **Graff Silverstein LLP**

                        /s/ *David Graff*
                        David Graff
                        GRAFF SILVERSTEIN LLP
                        60 Hawthorne Way
                        Hartsdale, New York 10530
                        Tel: 212-381-6055
                        dgraff@graffsilversteinllp.com

                        *Counsel for Plaintiff*